EDWARD A. KINNEY, JR. *vs.* ANDREW J. MAHER.

Suffolk.   December 7, 1891. — May 7, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Partnership — Compensation of Partner.*

A. and B. entered into a copartnership agreement, by which A. was to contribute the capital and to receive interest thereon, all necessary expenses were to be first paid out of the profits, and next out of the capital, or, if that was insufficient, by A.; B. was to be paid monthly a certain sum as payment for his services from the profits if sufficient, and if not sufficient from the principal, and, if the principal was not sufficient, then by A.; the profits, after deducting expenses and losses, the interest on A.'s capital, and the salary of B., were to be divided between A. and B., A. to receive the larger share. *Held*, that, as B.'s salary was by the agreement treated, like the interest on A.'s capital, as an

expense of the business to be paid before profits were to be divided, it was to be paid as *quid pro quo*, — for services actually rendered, and if none were rendered, no payment was to be made.

BILL IN EQUITY, brought for the dissolution of a partnership and an account. The case was referred to a master, and reserved upon his report, and exceptions thereto, by *Lathrop*, J., for the consideration of the full court.

The articles of copartnership, entered into May 1, 1887, provided that the copartnership should continue for five years, and then stipulated as follows:

" Second. That the capital to be used in said business shall be fifteen thousand dollars, to be brought in by said Edward A. Kinney, Jr. forthwith, and said Edward A. Kinney, Jr. shall receive interest thereon at the rate of six per cent per annum, payable semiannually.

" Third. That all the necessary rents and expenses, and all losses which shall be incurred in said business, shall first be paid out of the profits of the same, and next out of the capital of the said copartnership, or if the same be deficient, by the said Kinney.

" Fourth. Said Andrew J. Maher shall be allowed to draw three hundred thirty-three $\frac{33}{100}$ dollars monthly, as payment for his services; if the profits are not sufficient, the same to be paid from the principal; and if the principal be not sufficient, by said Kinney.

" Fifth. All the profits of said business, after deducting all expenses and losses, the interest on said sum of fifteen thousand dollars capital, and the salary paid to said Maher, shall be divided between said partners as follows, viz.: to said Kinney three fourths, and to said Maher one fourth."

The master found that Maher through illness was unable to attend to the business after June 12, 1889; that on March 18, 1890, the present bill was brought, and a decree for dissolution entered on July 15, 1890, and that the defendant was entitled to the sum of $4,366.66 as compensation, at the rate provided by article fourth of the copartnership articles, for the period between the dates of June 12, 1889, and July 15, 1890.

The case was argued at the bar in December, 1891, and afterwards was submitted on the briefs to all the judges.

P. A. *Collins*, for the plaintiff.

*E. B. Callender*, (*P. S. Maher* with him,) for the defendant.

HOLMES, J. This is a bill for the dissolution of a partnership and an account. The case comes before us on exceptions to the master's report on the question whether the defendant is entitled to an allowance of three hundred thirty-three dollars and thirty-three cents monthly, after June 12, 1889, at which time he became ill, and wholly ceased to render services to the firm. The question was argued as if it depended on the date of the dissolution of the firm, but really it depends on the construction of the articles of copartnership. By the fourth article the defendant " shall be allowed to draw three hundred thirty-three $\frac{33}{100}$ dollars monthly, as payment for his services; if the profits are not sufficient, the same to be paid from the principal; and if the principal be not sufficient, by said Kinney." In the opinion of a majority of the court this sum was to be paid as *quid pro quo*, — for services actually rendered, and if no services were rendered, the payment was not to be made. The defendant's interest as partner was looked out for in the fifth article, which reads, " All the profits of said business, after deducting all expenses and losses, the interest on said sum of fifteen thousand dollars capital," contributed by Kinney, "and the salary paid to said Maher, shall be divided between said partners as follows, viz.: to said Kinney three fourths, and to said Maher one fourth." It will be seen that Maher's salary, like the interest on Kinney's capital, is treated as an expense of the business necessarily incurred, and to be paid before profits can be divided. The words " payment," " salary," and " for his services," and the personal liability of Kinney, seem to us as inconsistent with the notion that Maher was to be paid for his services if he did not render them, as the stipulation for interest is with Kinney's receiving that without advancing the capital.

*Decree accordingly.*